﻿Citation Nr: 18132480
Decision Date: 09/06/18 Archive Date: 09/06/18

DOCKET NO. 15-35 080
DATE: September 6, 2018
ORDER
Entitlement to an initial rating in excess of 10 percent for supraventricular tachycardia is denied.
FINDING OF FACT
The Veteran’s supraventricular tachycardia was not manifested by more than four episodes per year documented by ECG or Holter monitor.
CONCLUSION OF LAW
The criteria for an initial rating in excess of 10 percent for supraventricular tachycardia have not been met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 3.321, 4.1, 4.104, Diagnostic Code 7010.
REASONS AND BASES FOR FINDING AND CONCLUSION
The Veteran served on active duty in the United States Army from March 2010 to August 2013. 

This matter comes before the Board of Veterans’ Appeals (Board) on appeal from a July 2015 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Muskogee, Oklahoma. 
The issue above is the only issue currently certified to the Board. The Board is cognizant of the representative’s statement that there are additional issues perfected for appeal. The representative questioned the representative as to these additional issues. The record indicates that DAV is the representative for all issues. As to the additional issues, the claims file contains a July 2015 Statement of the Case (SOC) and a July 2015 substantive appeal. Several of the issues in this July SOC have subsequently been addressed by other rating decisions. The AOJ has not considered these issues to remain in appellate status. Based on the lack of certification, the current procedural posture, and that the representative has not had the opportunity to provide argument as to these issues, the Board declines to take jurisdiction at this time. With any needed clarification from the Veteran, the AOJ/RO should take appropriate action on these additional issues. 
1. Entitlement to an initial rating excess of 10 percent for supraventricular tachycardia.
Disability ratings are determined by applying the criteria set forth in VA’s Schedule for Rating Disabilities, which is based on the average impairment of earning capacity. Individual disabilities are assigned specific diagnostic codes. 38 U.S.C. § 1155; 38 C.F.R. § 4.1.
In evaluating the severity of a particular disability, it is essential to consider its history. 38 C.F.R. § 4.1; Peyton v. Derwinski, 1 Vet. App. 282 (1991). Where there is a question as to which of two evaluations shall be applied, the higher rating will be assigned if the disability picture more nearly approximates the criteria required for that evaluation. Otherwise, the lower rating will be assigned. 38 C.F.R. § 4.7.
In Fenderson v. West, 12 Vet. App. 119, 125-26 (1999), the U.S. Court of Appeals for Veterans Claims (Court) distinguished appeals involving a Veteran’s disagreement with the initial rating assigned at the time a disability is service-connected. Accordingly, where the question for consideration is the propriety of the initial rating assigned, as here, evaluation of the medical evidence since the effective date of the grant of service connection, and consideration of the appropriateness of “staged ratings” (i.e., assignment of different ratings for distinct periods of time, based on the facts found) is required.
The Veteran’s supraventricular tachycardia is currently assigned a 10 percent initial rating under Diagnostic Code 7010. Under this diagnostic code, a 10 percent rating is assigned for supraventricular arrhythmias manifested by permanent atrial fibrillation (lone atrial fibrillation), or one to four episodes per year of paroxysmal atrial fibrillation, or other supraventricular tachycardia documented by an echocardiogram (ECG) or Holter monitor. A 30 percent rating, which is the maximum rating, is assigned for paroxysmal atrial fibrillation or other supraventricular tachycardia, with more than 4 episodes per year documented by an ECG or Holter monitor. 38 C.F.R. § 4.104, Diagnostic Code 7010. 
The Veteran maintains that he is entitled to an initial rating higher than 10 percent. Here, there is no evidence that the Veteran has been studied using an ECG or Holter monitor to determine frequency and severity of episodes, or that such monitoring was indicated by the Veteran’s symptoms (that is was medically indicated).
The Veteran was afforded a VA examination in March 2014, when he was diagnosed with paroxysmal atrial fibrillation. The examiner found that the Veteran’s atrial fibrillation was intermittent (paroxysmal) with zero episodes in the past 12 months. The Veteran reported that he experienced symptoms of intermittent tachycardia every day, lasting for several minutes and relieved by lowering his blood sugar. He also reported experiencing shortness of breath, dizziness, and fatigue. A March 2014 echocardiogram, which revealed a left ventricular ejection fraction (LVEF) of 57 percent, normal wall motion, and normal wall thickness. March 2014 chest x-ray and EKG were also normal. The Veteran denied experiencing symptoms with any level of physical activity in an interview-based METs test. 
Upon reviewing the collective medical reports and considering the frequency, severity, and duration of the Veteran’s symptoms for this time period, the Board finds that a disability rating of in excess of 10 percent is not warranted.
The objective medical evidence shows that the Veteran’s heart condition has been relatively stable since its onset in 2012. VA treatment records do not show any visits with a cardiologist and any recent ECG or Holter monitor testing. Therefore, the Board finds that the reported symptomatology more closely aligns with that embodied in the criteria for a 10 percent disability rating. Accordingly, the Board finds that the assignment of an increased rating in excess of 10 percent is not warranted. 
The Board acknowledges the representatives contention that the VA examination is inadequate as the examiner “has not otherwise explained why the Veteran, complaining of daily attacks, was not afforded the benefit of a Holter monitor….” Review of the examination indicates that it was thorough and considered the Veteran’s contentions in light of the objective medical findings. The rating criteria are based on what has been documented by ECG or Holter monitor and the Board cannot find a basis for requiring that additional testing be ordered. The VA examiner documented the basis for the medical findings, and the determination that this disability did not impact the Veteran’s ability to work; functional impact is the basis for schedular ratings. 
The Board also considered whether any additional diagnostic codes would be applicable to the Veteran’s heart disability. The Board, however, finds that no other cardiovascular disability diagnostic code would provide the Veteran an alternative avenue for an increased rating in excess of ten percent because the Veteran does not have valvular heart disease, ventricular arrhythmia, endocarditis, pericarditis, pericardial adhesions, syphilitic heart disease, arteriosclerotic heart disease, myocardial infarction, hypertensive heart disease, hyperthyroid heart disease, atrioventricular block, a heart valve replacement, a coronary bypass surgery, implantable cardiac pacemakers, cardiac transplantation, or cardiomyopathy. See 38 C.F.R. § 4.104.
 
In sum, the Board finds that the Veteran’s condition has remained consistent throughout this time period and a rating increase in excess of 10 percent is not warranted. The record does not show any evidence of paroxysmal atrial fibrillation or other supraventricular tachycardia with more than four episodes per year documented by electrocardiogram or Holter monitor.

 
Nathaniel J. Doan
Veterans Law Judge
Board of Veterans’ Appeals
ATTORNEY FOR THE BOARD K. Thompson, Associate Counsel